## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOUIS WILSON** | * | **DOCKET NO.:** |
| | * | |
| **versus** | * | **SECTION:** |
| | * | |
| **LAUGHLIN-THYSSEN, INC., F/K/A** | * | **MAGISTRATE:** |
| **LAUGHLIN DEVELOPMENT CORP.,** | * | |
| **GIBBS CONSTRUCTION L.L.C, F/K/A** | * | |
| **GIBBS CONSTRUCTION COMPANY,** | * | |
| **EAGLE, INC., F/D/A EAGLE ASBESTOS** | * | |
| **& PACKING CO., INC. AND** | * | |
| **BAYERCROPSCIENCE, INC., AS** | * | |
| **SUCCESSOR TO RHONE-POULENC** | * | |
| **AG COMPANY, F/K/A AMCHEM** | * | |
| **PRODUCTS, INC., F/K/A BENJAMIN** | * | |
| **FOSTER COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF REMOVAL**

1.

Defendant, Laughlin-Thyssen, Inc. ("LTI"), hereby removes this civil action from Civil District Court, Orleans Parish, Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1441, 1442(a) and 1446.

2.

Plaintiff's Petition for Damages ("Petition") naming LTI as a defendant in the action entitled, "Louis Wilson v. Laughlin-Thyssen, Inc. f/k/a Laughlin Development Corp., Gibbs Construction, LLC, f/k/a Gibbs Construction Company, Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc., and Bayercropscience, Inc., as successor to Rhone-Poulenc AG Company, f/k/a Amchen Products, Inc., f/k/a Benjamin Foster Company," was filed in Civil District Court, Parish of Orleans, Louisiana, on or about March 18, 2010. A copy of the Petition is attached,

along with true and correct copies of all process, pleadings, and orders served upon LTI, as required by 28 U.S.C. § 1446(a), all as Exhibit A *en globo*.

3.

LTI was served with the Petition through its agent for service of process on April 7, 2010. This notice of removal has been filed within thirty days after receipt by LTI, through service of a copy of a pleading, motion, order, or other paper from which it may first be ascertained the cause is one which is or has become removable as allowed by 28 U.S.C. § 1446(b). LTI is not required to notify and obtain the consent of any other defendant in this action in order to remove the action as whole under Section 1442(a). Ely Valley Mine, Inc. v. Hartford Accident and Indemnity Co., 644 F.2d 1310, 1315 (9th Cir. 1981); Fowler v. Southern Bell Telephone and Telegraph Co., 343 F.2d 150 (5th Cir. 1965); Allmann v. Hanley, 302 F.2d 559 (5th Cir. 1962).

4.

Removal is proper under 28 U.S.C. § 1442(a). This suit involves a controversy concerning acts undertaken by a federal officer or someone acting under him. Plaintiff asserts claims arising out of alleged exposure to asbestos-containing materials primarily during an asbestos basement project at the Main Post Office Building ("Building") while employed as a Postal Police Officer assigned to that office. According to the Petition, LTI performed the asbestos abatement work as a subcontractor to Gibbs Construction, pursuant to a contract with the United States Post Office ("USPO") under the authority and direction of federal officers acting in their official capacities to direct the abatement project, as well as during periods of ownership of the Building by the USPO, an instrumentality of the United States of America.

5.

Federal officer removal jurisdiction is set forth in 28 U.S.C. § 1442, which provides in pertinent part:

(a) A civil action. . . commenced in a state court against any of the following persons may be removed by them to the District Court of the United States for the district and division embracing the place where it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office….

6.

Plaintiff alleges he was diagnosed with malignant mesothelioma caused by his occupational exposure to asbestos during his employment as a Postal Police Officer primarily during an asbestos abasement project performed by LTI as subcontractor to Gibbs. Plaintiff alleges the abatement work was performed pursuant to a contract with the USPO. Plaintiff alleges LTI was negligent in the performance of the asbestos abatement work.

7.

Throughout the time LTI performed the asbestos abatement work, LTI operated under the control and supervision of federal officers of the United States acting under color of such office, or a person or persons acting under them, and pursuant to work specifications and safety regulations imposed by the USPO.

8.

At all times during the asbestos abatement project, the Building was owned by the United States of America or the USPO, an instrumentality of the United States government.

9.

The contract specifications for the asbestos abatement project were established by a federal officer of the United States or an agency or instrumentality thereof or a person or persons

acting under him. The work abatement was performed under the supervision of a federal officer of the United States or an agent or instrumentality thereof, or a person or persons acting under him, all under color of their respective offices.

10.

LTI may raise and rely on the government contractor defense as set forth by the United States Supreme Court in Boyle v. United Technologies Corp., 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988) and Yearsley v. W. A. Ross Construction Co., 309 U.S. 19, 60 S. Ct. 413, 84 L. Ed. 554 (1940). LTI also intends to raise and rely on other defenses and immunities available under any other federal act, law, rule, or regulation relating to the design, construction, operation, and/or maintenance of the Building.

11.

LTI has met the requirements of removal and qualifies as a person acting under the authority of a federal officer as set forth in 28 U.S.C. §§ 1442 and 1442(a)(1).

12.

This Court also has jurisdiction under 28 U.S.C. § 1331 because the Petition alleges a tort that occurred on a federal enclave. Mater v. Holley, 200 F.2d 123 (5th Cir. 1952); Akin v. Big Three Industries, Inc., 851 F.Supp. 819 (E.D. Tx. 1994). Congress has exclusive legislative power over "all Places purchased by the consent of the legislature of the State in which the same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. Const. Art. I, § 8, cl. 17. The Building is a "needful Building" over which Congress has exclusive legislative power, bringing this action within the Court's federal enclave jurisdiction.

13.

Contemporaneously with the filing of this Notice of Removal into this Court, LTI will promptly give written notice to all adverse parties by mail, return receipt requested, and will file a copy of this Notice of Removal with the Clerk of Court of Civil District Court for the Parish of Orleans, State of Louisiana.

14.

Plaintiff's Petition amply discloses the required nexus between the claimed injuries and the performance of the asbestos abatement project in the Main Office of the United States Post Office Building.  The building was owned by the United States or an instrument thereof. Plaintiff alleges he was exposed to asbestos-containing products, including products located at the Building, which was operated by and under the control and supervision of an officer of the United States or an instrumentality thereof.  Plaintiff alleges his primary exposure occurred during an asbestos abatement project, which was performed pursuant to contract specifications and safety regulations established by an officer of the United States or an instrumentality thereof or a person acting under his authority.

**WHEREFORE,** Laughlin-Thyssen, Inc. removes this action to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

_____
Pierre V. Miller II (#17712) (T.A.)
Patrick H. Patrick (#14297)
Jennifer Stierman Edwards (#19394)
PATRICK MILLER LLC
400 Poydras Street, Suite 1680
New Orleans, LA  70130
Telephone: (504) 527-5400
Facsimile: (504) 527-5456

*Attorneys for defendant
Laughlin-Thyssen, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on opposing counsel by placing a copy in the United States Mail, postage prepaid and properly addressed, on the seventh day of May, 2010.

_____
PIERRE V. MILLER II