ATTORNEY'S NAME: Finkelstein, Marcia - 05569
AND ADDRESS: 127 Carondelet St,
New Orleans   LA 70130-1102

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2010 -- 02683   1                                              SECTION:   14 -- I

WILSON, LOUIS VERSUS LAUGHLIN-THYSSEN, INC.   ET AL

# CITATION

TO: LAUGHLIN-THYSSEN, INC.
THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM
5615 CORPORATE BLVD.
SUITE 400B
BATON ROUGE                              LA   70808

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

**************************************************************************
ADDITIONAL INFORMATION
Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
**************************************************************************

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA _____ March 25, 2010 _____.

Clerk's Office, Room 402, Civil Courts Building,
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the w/i petition FOR DAMAGES | On this _____ day of _____ _____ served a copy of the w/i petition FOR DAMAGES |
| On  LAUGHLIN-THYSSEN, INC. | On  LAUGHLIN-THYSSEN, INC. |
| THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM | THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| Returned same day _____ No. _____ Deputy Sheriff of _____ Mileage: $_____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ LAUGHLIN-THYSSEN, INC. |
| _____ / ENTERED / _____ PAPER    RETURN _____ / _____ SERIAL NO.   DEPUTY   PARISH | being absent from the domicile at time of said service. Returned same day _____ No. _____ Deputy Sheriff of _____ |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 10-2683   DIVISION " " I-14   DOCKET #4

LOUIS WILSON

VERSUS

LAUGHLIN-THYSSEN, INC., F/K/A LAUGHLIN DEVELOPMENT CORP., GIBBS CONSTRUCTION L.L.C., F/K/A GIBBS CONSTRUCTION COMPANY, EAGLE, INC.,F/K/A EAGLE ASBESTOS & PACKING CO., INC., AND BAYERCROPSCIENCE, INC., AS SUCCESSOR TO RHONE-POULENC AG COMPANY, F/K/A AMCHEM PRODUCTS, INC., F/K/A BENJAMIN FOSTER COMPANY

FILED: _____   _____
                                  DEPUTY CLERK

**PETITION FOR DAMAGES**

The petition of Louis Wilson, domiciled in Chesapeake, Virginia, and a person of the full age of majority, respectfully represents:

1.

The defendant, Laughlin-Thyssen, Inc., f/k/a Laughlin Development Corp., is a Texas corporation, authorized to do and doing business in Orleans Parish, Louisiana. The defendant, Gibbs Construction, L.L.C., f/k/a Gibbs Construction Company, is a Louisiana corporation, domiciled in Jefferson Parish, authorized to do and doing business in Orleans Parish, Louisiana. The defendant, BayerCropScience, Inc., as successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company ("AmChem"), is a foreign corporation authorized to do and doing business in Orleans Parish, Louisiana. The defendant, Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc., is a Louisiana corporation domiciled in Orleans Parish, Louisiana.

2.

The plaintiff, Louis Wilson, was diagnosed with malignant mesothelioma on October 30, 2009. He learned of said diagnosis on October 31, 2009. The plaintiff's mesothelioma was caused by his occupational exposure to asbestos during his employment as a Postal Police Officer for the United States Postal Service ("USPS") from February 1972 through November 2003. He worked at the Main Post Office at 701 Loyola Avenue, New Orleans, Louisiana. He was employed by the USPS from April 1965 through January 1966 as a letter

carrier assigned to the Washington Avenue Post Office in New Orleans; from January 1970 through February 1972 as a letter carrier assigned to the Carondelet Street Post Office in New Orleans; and from March 4, 1972 through November 28, 2003 as a Postal Police Officer assigned to the Main Post Office at 701 Loyola Avenue, New Orleans, Louisiana. The plaintiff alleges that his asbestos exposure occurred during his employment at the Post Office on Loyola Avenue.

3.

The plaintiff was primarily exposed to asbestos when an asbestos abatement project was performed at the Main Post Office Building at 701 Loyola Avenue, in approximately 1984 through 1986. Asbestos fireproofing, asbestos pipe covering and other asbestos-containing materials were removed and, during the abatement process, asbestos fibers were released into the workplace atmosphere in the plaintiff's immediate vicinity such that he inhaled dangerous amounts of asbestos dust and fibers.

4.

The defendant, Gibbs Construction, was the general contractor responsible for the abatement project. Gibbs contractually agreed to indemnify the USPS for any negligence committed by the USPS, through its employees, causing injury to the USPS employees, including Louis Wilson, during the asbestos abatement project.

5.

The defendant, Laughlin Development Corp., n/k/a Laughlin-Thyssen, Inc., was the subcontractor which performed the asbestos abatement work at 701 Loyola Avenue.

6.

The defendants, Gibbs and Lauglin, were negligent in the following illustrative, but non-exclusive, particulars:

    a.     allowing contact and intermingling between their abatement workers and USPS employees, including the plaintiff, which caused the dispersal of asbestos fibers into the plaintiff's breathing zone;

    b.     causing and/or allowing asbestos fibers from the abatement project to be dispersed throughout the Post Office Tower Building where the plaintiff worked through the air conditioning and heating systems;

-2-

    c.    by causing and/or allowing contamination of public spaces, including, but not limited to, elevators, the lobby, the cafeteria, rest rooms, concession stands and stairways and stairwells, with asbestos dust and fibers;

    d.    by causing and/or allowing USPS employees to be exposed to asbestos during the defendants' disposal of the asbestos-containing materials being removed from the building;

    e.    through various other procedures and actions which will be subsequently revealed after additional discovery and investigation have been accomplished.

7.

The defendant, Eagle, Inc., did insulation work, including removal of insulation, and testing for asbestos, at 701 Loyola Avenue, New Orleans, Louisiana at various times, including during the period of the plaintiff's work at that building. During Eagle's work, its employees negligently caused asbestos dust and fibers to be disturbed and dispersed into the workplace atmosphere in the plaintiff's immediate vicinity, whereby the plaintiff inhaled asbestos fibers, causing and/or substantially contributing to his development of mesothelioma.

8.

The defendant, Amchem, manufactured and sold Foster's #60-26 Mastic which was used during the original insulation and construction of the Main Post Office Building at 701 Loyola Avenue, New Orleans. Said mastic contains asbestos. The plaintiff was exposed to said mastic during his work at the Post Office, and when the product was disturbed and removed during the asbestos abatement project. Said exposure resulted in the plaintiff's inhalation of asbestos dust and fibers from the Foster's #60-26 Mastics. During the time of the plaintiff's exposure, Amchem knew, should have known and/or was presumed to know of the dangers involved in, or associated with, exposure to asbestos dust and fibers including, but not limited to, their capacity to cause malignant mesothelioma or other lung diseases. Amchem had a legal duty to warn users, consumers and/or other individuals, likely to be exposed to its products, of said dangers. At the time of Louis Wilson's exposure to asbestos dust and fibers, originating or released from Amchem's Foster #60-26 Mastics, Amchem had not warned of said dangers.

9.

When Louis Wilson was exposed to asbestos dust and fibers originating and/or released from Foster's #60–26 Mastic, said product was in a defective and unreasonably dangerous condition. Said asbestos-containing product was unreasonably dangerous in normal use in that the use of said product, as anticipated by the manufacturer, caused injury and harm not reasonably expected by the user. Said asbestos-containing product was used properly, as contemplated by their manufacturer, and the condition of said product was not altered by the user.

10.

Amchem is liable under the following causes of action and theories:

a. It is strictly liable for designing, manufacturing and selling a dangerous and defective product, namely Foster's #60-26 Mastic, which is dangerous "per se," or unreasonably dangerous in normal use, or unreasonably dangerous in design and composition.

b. It is liable under a negligence or a strict liability standard for failing to warn regarding the dangers and defects of its product, when it knew or should have known and/or was presumed to know of said dangers.

c. It is liable for its negligence in manufacturing and selling an unreasonably dangerous and defective product, which caused injury to Louis Wilson, when it knew and/or should have known of said dangers.

11.

The plaintiff's asbestos exposure occurred in Orleans Parish and he sues Eagle, Inc., which is domiciled in Orleans Parish. Venue, therefore, is proper in Orleans Parish.

12.

As a result of the negligence of the employees of Gibbs, Laughlin and Eagle, for whom Gibbs, Laughlin and Eagle are liable under the doctrine of respondeat superior, and as a result of the defective and unreasonably dangerous condition, design and composition of Foster's #60-26 Mastic, manufactured, distributed and/or sold by Amchem, the plaintiff, Louis Wilson, was exposed to and caused to inhale, during the period of the seventies through the eighties, dangerous amounts of asbestos dust and fibers. As a direct result, he developed mesothelioma from which he currently suffers.

-4-

13.

The aforementioned acts and omissions of the defendants, for which they are solidarily and jointly liable, under a strict liability and/or negligence standard, proximately caused the plaintiff's injuries, damages and losses.

14.

The plaintiff, Louis Wilson, is entitled to recover damages for the following: his past, present and future physical and mental pain and suffering resulting from his mesothelioma, his fear of dying, his loss of enjoyment of life and his medical and pharmaceutical bills and medical-related expenses for the diagnosis, monitoring and treatment of his mesothelioma.

15.

The plaintiff is entitled to, and requests, a trial by jury on all issues.

**WHEREFORE**, the plaintiff, Louis Wilson, prays that the defendants named herein be duly cited to appear and answer this petition and that, after due proceedings are had, there be judgment rendered herein in his favor and against the defendants jointly, severally and *in solido*, for an amount reasonable under the premises herein, for all costs of these proceedings, for a trial by jury on all issues, and for all general and equitable relief to which he may be entitled.

Respectfully submitted,

**GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.**

M. H. GERTLER - 6036
RODNEY P. VINCENT - 13090
LOUIS L. PLOTKIN - 21821
LOUIS L. GERTLER - 23091
MARCIA FINKELSTEIN - 5569
127 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-6411
Fax: (504) 581-6568
Attorneys for Plaintiff

**PLEASE SERVE:**

**GIBBS CONSTRUCTION, LLC**
through its agent for the service of process,
Lawrence C. Gibbs
5736 Citrus Blvd.
Harahan, LA 70123

-5-

TRUE COPY
CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**LAUGHLIN-THYSSEN, INC.**
through its agent for the service of process,
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

**EAGLE, INC.**
through it agent for the service of process,
Susan B. Kohn
Simon Peragine Smith & Redfearn LLP
1100 Poydras Street, 30th floor
New Orleans, LA 70163

**BAYERCROPSCIENCES, INC.**
through its agent for the service of process,
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411